UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JONATHON R. WINWARD, | ) | CASE NO. C09-0797-JCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Having prevailed in his appeal of a decision by the Commissioner of the Social Security Administration, plaintiff moves for an award of attorney's fees, costs, and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  (Dkt. 29.)   He requests $11,367.84 in attorney's fees, $1,459.50 in paralegal fees, and $17.57 in expenses under the EAJA, and $37.35 in costs pursuant to 28 U.S.C. § 1920.  (*See* Dkts. 29 & 34.)  The Commissioner objects to the fee request as unreasonable and excessive and argues for a reduction in the amount sought.   (Dkt. 33.)

Having considered the materials submitted in support of and in opposition to plaintiff's motion, the Court recommends that plaintiff's motion (Dkt. 29) be GRANTED in part and

REPORT AND RECOMMENDATION
PAGE -1

DENIED in part and that plaintiff be awarded a total of $12,273.26.

## BACKGROUND

Plaintiff filed claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) in September 2006 and February 2007 respectively. Following a hearing, an Administrative Law Judge (ALJ) found plaintiff not disabled. Plaintiff appealed the decision to the Appeals Council, which denied his request for review.

Plaintiff filed a civil action in this Court for review of the Commissioner's final decision and the Court set the matter for hearing on oral argument. On the day prior to the hearing, the Commissioner contacted plaintiff's counsel in an attempt to continue and/or resolve the matter.[1] At oral argument, the Court continued the matter after counsel for the Commissioner advised the Court that the parties were working on resolving the case. (Dkt. 23.) The parties subsequently submitted a stipulated motion for remand and payment of benefits. (Dkt. 24.) The Court thereafter adopted the undersigned's Report and Recommendation that the stipulation be granted. (Dkts. 26 & 27.)

Plaintiff was represented in this matter by Eric Brunstrom, an attorney in Seattle, Washington. A paralegal in Mr. Brunstrom's office also worked on the case. (*See* Dkt. 31.) Plaintiff originally sought fees for a total of 61.8 attorney hours and 13.9 paralegal hours. He now requests an award accounting for an additional 4.2 hours spent preparing his EAJA reply, for a total of 66 attorney hours. Plaintiff requests that fees be calculated at an hourly rate of

---

[1] The Commissioner asserts that he contacted plaintiff's counsel "[p]rior to the oral argument" in an "attempt to resolve the case. (Dkt. 33 at 2.) Plaintiff's counsel states that he received this phone call on the evening before the oral argument and that, rather than proposing to resolve the matter, the Commissioner sought only to continue the matter so that he could obtain an expert opinion. (Dkt. 34 at 4.) The billing records presented by plaintiff support the contention that the Commissioner contacted plaintiff's counsel on February 23, 2010, one day prior to the scheduled oral argument. (Dkt. 31 at 5.)

$172.24.

The Commissioner contends that plaintiff's counsel spent on excessive number of hours on this matter, that "block billed" hours lack sufficient detail and should be reduced, and that various tasks billed are clerical and, therefore, not properly reimbursable.[2]   He requests that the total number of attorney and paralegal hours be reduced to 40 hours.

## DISCUSSION

The Court may award EAJA fees for attorney hours reasonably expended by plaintiff's counsel in this matter.  28 U.S.C. § 2412(d)(2)(A).  "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from the fee award.  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).   The Court must provide a "concise but clear explanation" of its reasons for a fee award.  *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

A.   Overall Hours Billed

The Commissioner submits that the number of attorney and paralegal hours requested are unreasonable for this disability matter.  He points to cases where courts found similar or even smaller amounts of hours unreasonable.  The Commissioner concedes that this matter "did involve slightly unusual circumstances[]" and "was more complex than a typical disability case[.]"   (Dkt. 33 at 4-5.)   He asserts, however, that the documents filed by plaintiff contained a substantial amount of boilerplate language, that plaintiff "appealed essentially one issue: whether or not he met a listing[,]" and that the Commissioner, rather than plaintiff, undertook the additional research and assistance to resolve this case.   (*Id.* (citing *Webb v. Sloan*, 330 F.3d

---

[2] The Commissioner also noted that plaintiff in some instances billed hours at a higher rate of $225.00. In reply, plaintiff conceded this error and corrected the calculations to reflect the proper billing amount.

1158, 1170 (9th Cir. 2003) (court properly reduced hours where "issue demanded little of counsel's time."))  The Commissioner also contends that the extra hours charged in this case resulted from the fact that Mr. Brunstrom "does not routinely handle disability cases and, as such, is not as familiar with the intricacies of Social Security Law." (Dkt. 33 at 3, 5.) However, as argued by plaintiff and for the reasons described below, the Court does not find the Commissioner's arguments persuasive.

The Court first notes that there is no hard-and-fast cap on attorney fee awards that should be applied regardless of the circumstances.  *See*, *e.g.*, *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting cases involving reasonable EAJA fee awards between 20 and 54.5 hours); *Gibson-Jones v. Apfel*, 995 F. Supp. 825, 827 (N.D. Ill. 1998) (awarding attorney's fees for 65.75 hours of district court litigation).  Indeed, this Court has previously awarded attorney's fees in Social Security cases for work exceeding forty hours. *See*, *e.g.*, *Vessel v. Astrue*, C08-0949-RSL, Report and Recommendation (Sept. 19, 2009) (recommending a reduced fee award for 53.8 hours, which included 48.5 hours for the underlying litigation and 5.3 hours for the EAJA fee application), *adopted without objections* by Order on Plaintiff's Motion for EAJA Fees (Oct. 20, 2009); *Burleson v. Astrue*, C07-2019RSL, Report and Recommendation (Jan. 13, 2009) (recommending a reduced fee award for 49.3 hours, which included 43.9 hours for matters related to the underlying litigation and 5.4 hours for the EAJA fee application), *adopted without objections* by Order on Plaintiff's Motion for EAJA Fees (Feb. 9, 2009); *Riley v. Barnhart*, C04-168JLR, Report and Recommendation (Mar. 8, 2005) (recommending a reduced fee award for 49.2 hours, which included 45.2 hours for matters related to the underlying litigation and 4 hours for the EAJA fee

application), *adopted without objections* by Order on Plaintiff's Motion for EAJA Fees (Mar. 28, 2005).

Second, the Commissioner does not support his contention that plaintiff's counsel spent an unreasonable amount of time on this matter. Counsel did not simply recycle arguments; rather, counsel provided useful, relevant, and detailed discussions of the facts, authority, and administrative record. While not all of the arguments were meritorious, none were frivolous or advanced in bad faith. Nor did plaintiff submit only one argument. Instead, he argued multiple errors, including, in addition to listing-related arguments, that the ALJ erred by improperly rejecting medical opinions, by relying on her own medical opinion, by creating and relying on a deficient RFC, and by failing to make a sustainable step-five finding. (*See* Dkt. 18.)

Moreover, the step three arguments raised by plaintiff were, in fact, quite complex. Plaintiff argued that the ALJ erred by failing to analyze or consider medical evidence showing he met 20 C.F.R. Part 404, Subpart P, Appendix 1, § 14.08 (human immunodeficiency virus (HIV) infection). Having closely reviewed the arguments and the extensive record, the Court can attest to the complicated nature of this particular listing and the evidence at issue in this case. As observed by plaintiff, the fact that the evidence supported the conclusion that plaintiff's impairments equaled the severity of this listing was missed at multiple administrative stages and by the Commissioner, and it was only with the assistance of an expert, after the Court set oral argument, that the Commissioner became willing to stipulate to a remand.

The Commissioner inappropriately attempts to take credit for belatedly undertaking "additional research and assistance to resolve this case[]" (Dkt. 33 at 4) despite the fact that

REPORT AND RECOMMENDATION
PAGE -5

plaintiff had long before presented the arguments and evidence supporting a remand. Nor is there any basis for the Commissioner to criticize the amount of time plaintiff's counsel spent preparing for oral argument and the fact that he ultimately did not present argument (Dkt. 33 at 4-5), when the Commissioner waited until the eve of oral argument to contact plaintiff with the request for a continuance and/or an attempt at resolving this matter (Dkt. 31 at 5).

Finally, Mr. Brunstrom describes his considerable experience and expertise in the field of Social Security law. (Dkt. 34 at 5-6.) The Commissioner provides no evidence to the contrary. Accordingly, the Court rejects the contention that that the hours expended in this matter resulted from a lack of experience or expertise.

While the total amount is considerable, the number of attorney hours expended was reasonable in light of the above factors. Plaintiff is, therefore, entitled to the attorney's fees, costs, and expenses incurred for the work performed in pursuit of the ultimate result, including efforts expended on unsuccessful issues. *See Hensley*, 461 U.S. at 435 ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.") However, as discussed below, the Court does find appropriate a reduction in the number of paralegal hours billed.

B. <u>Block Billing</u>

The Commissioner objects to the format in which Mr. Brunstrom presents the hours he and his paralegal spent briefing this matter, asserting that Mr. Brunstrom "block-billed" 35 attorney hours and 5.8 paralegal hours for drafting the opening and reply briefs. (Dkt. 33 at 4 (citing Dkts. 30 & 31.)) The Commissioner states that such block billing "lumps together

multiple tasks making it impossible to evaluate their reasonableness." *Role Models Am. Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C. Cir. 2004).   He contends that the lack of detail in the billing justifies a reduction in the hours.  *See*, *e.g.*, *Fischer v. SJB-P.D. Inc*., 214 F.3d 1115, 1121 (9th Cir. 2000) (district court may reduce fee where request poorly documented) (citing *Hensley*, 461 U.S. at 433).   While the Court does find a small reduction in the number of hours billed appropriate, as discussed below, the Commissioner's argument as to block billing lacks merit.

"[P]laintiff's counsel 'is not required to record in great detail how each minute of his time was expended.'"  *Id*. (quoting *Hensley*, 461 U.S. at 437 n. 12).  "Instead, plaintiff's counsel can meet his burden - although just barely - by simply listing his hours and 'identifying the general subject matter of his time expenditures.'"  *Id*. (finding denial of fee application an abuse of discretion where the fee request included summaries of tasks such as "pleadings and pretrial motions") (quoting *Davis v. City of San Francisco*, 976 F.2d 1536, 1542 (9th Cir. 1992) (quoting *Hensley*, 461 U.S. at 437 n. 12)).   Here, plaintiff met this "basic requirement."  *Id*.

Moreover, the Court has no difficulty evaluating the reasonableness of the request.   In fact, it is not clear how much more detail would be necessary to evaluate time entries relating to the researching and writing of opening and reply briefs.   As this Court has previously noted, the Commissioner has not, to the undersigned's recollection, raised any such objection to the very same billing practice in numerous EAJA petitions submitted to the Court.

The Court does, however, find appropriate a partial reduction of the paralegal hours billed in this case.   The billing records reveal that 5.4 paralegal hours were spent working on preparing the fact section of the opening brief.  (Dkt. 31 at 4.)   As this Court has elsewhere stated, parties in social security cases should not include a lengthy recitation of background

facts or medical evidence, and should, instead, include a discussion of the relevant facts in the context of specific assignments of error.  Given that this fact section was not necessary for the Court's consideration of this case, it concludes that these hours should be omitted from the fee request.  Additionally, the Court further finds appropriate a reduction of the .4 paralegal hours spent editing the reply brief.  (Dkt. 31 at 5.)  This represents an unnecessary duplication of efforts in light of Mr. Brunstrom's considerable legal experience.

C.     Clerical Matters

The Commissioner also challenges the inclusion of other matters on the time sheets.  He states that over 11 attorney and paralegal hours were billed for preparing EAJA documents, filing documents, "tickling" calendar dates, scanning documents, preparing binders, and making administrative phones calls.  (*See* Dkts. 30 & 31.)  The Commissioner notes that 1.6 of those 11 hours were spent reviewing e-mails from defendant and "research[ing] justification for hours worked[]" (Dkt. 30 at 4), and states that defendant received one voicemail from plaintiff's counsel and two brief e-mails regarding EAJA matters.  The Commissioner avers that it is well settled that costs associated with clerical tasks are typically considered overhead expenses reflected in an attorney's hourly billing rate and are not properly reimbursable.  *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989) ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal's rate, regardless of who performs them.")  For the reasons described below, the Court disagrees with the Commissioner.

Any argument concerning the inclusion of the time spent preparing the EAJA motion and the EAJA reply brief should be rejected.  Plaintiff may be awarded fees for hours reasonably expended in seeking attorney's fees under the EAJA.  *See Comm'r, INS v. Jean*,

REPORT AND RECOMMENDATION
PAGE -8

496 U.S. 154, 162-66 (1990).  Here, plaintiff properly seeks reimbursement for a reasonable number of hours spent on the EAJA briefing.  (*See* Dkts. 30, 31, & 34.)  Additionally, in seeking EAJA fees, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked."  *Gates*, 987 F.2d at 1397 (citing *Hensley*, 461 U.S. at 433, 437).  Accordingly, it appropriately falls within an attorney's purview to determine the items to include on an EAJA time record and the amounts to seek for each item, and to award fees based on the time spent performing those tasks.

The Commissioner's argument as to clerical tasks is otherwise contradicted by the billing records.  As asserted by plaintiff, the time spent filing documents, tickling calendar dates, scanning documents, preparing binders, and making the majority of phone calls was not included in the fee request.  (*See* Dkt. 31 (indicating "no charge" for these services).)  The Commissioner does not support the contention that the few phone calls that were billed were purely clerical tasks not properly reimbursable, rather than necessary litigation-related tasks.  Moreover, the minimal amount of time spent on these tasks was reasonable and in some instances also involved the performance of other non-clerical work.  As such, the Court finds no basis for a reduction of hours purportedly spent performing clerical work.

## SUMMARY AND CONCLUSION

Consistent with the discussion above, the Court recommends that plaintiff's motion be GRANTED in part and DENIED in part.  It is recommended that the paralegal hours claimed by plaintiff be reduced by a total of 5.8 hours.  After this reduction, plaintiff would be allowed a total of 66 attorney hours (61.8 hours for matters related to the underlying litigation and initial

REPORT AND RECOMMENDATION
PAGE -9

EAJA briefing and work, and 4.2 hours for matters related to the EAJA reply) at an hourly rate of $172.24, and 8.1 paralegal hours, at an hourly rate of $105.00. The total recommended award for attorney's fees would be $12,218.34. Plaintiff should also be allowed the full amount of his claimed costs ($37.35) and expenses ($17.57), for a total award of $12,273.26. A proposed Order accompanies this Report and Recommendation.

DATED this 20th day of September, 2010.

Mary Alice Theiler
United States Magistrate Judge